No. 12304

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

THE STATE OF MONTANA ex rel. CHING WENKE LINTZ,

Petitioner,

-vs-

DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT
OF THE STATE OF MONTANA,

Respondent.

---

Original Proceedings.

Counsel of Record:

For Appellant:

David Astle argued, Kalispell, Montana 59901.
Patrick Springer argued, Kalispell, Montana 59901.

For Respondent:

H. James Oleson, argued, County Attorney, Kalispell,
Montana 59901.
Robert L. Woodahl, Attorney General, Helena, Montana 59601.

---

Submitted: June 21, 1972

Decided: JUN 2 9 1972

Filed: JUN 2 9 1972

_Thomas J. Kearney_
Clerk

Per Curiam:

This is an original proceeding brought by relator as a petition for a post-conviction hearing. Upon hearing the petition ex parte, this Court granted an order to show cause directed to the district court of the eleventh judicial district, the Hon. Robert S. Keller, presiding. Return was made, including a transcript of hearing before the district court. A motion to quash was made and oral argument had.

Briefly, petitioner, 21 years of age, was arrested for the criminal sale of dangerous drugs, a felony. Upon arraignment he plead not guilty, subsequently changed to a guilty plea. A hearing was held on "mitigation or aggravation of sentence" on May 17, 1972. Defendant was granted a deferred imposition of sentence for a period of three years in an order setting forth what we will term "usual conditions". Defendant had orally agreed to cooperate with the court and law enforcement officials. In his arrest and the subsequent investigation, defendant had voluntarily led officers to other drugs, marihuana, cocaine and P.C.P. He had sold twelve lids of marihuana. He claimed the cache of other drugs belonged to one Bristow.

At the presentence hearing, under oath, defendant told one story, the details of which are not of great importance here, but which were believed by the trial court. At the subsequent trial of the heretofore mentioned Bristow, defendant told a different story which convinced the court that he had previously perjured himself. He then refused to answer for fear of further incriminating himself---something that he did not raise at the presentence hearing. The trial judge in his return characterizes defendant's testimony at the Bristow trial as a "farce, a sham"; and, that his lack of memory was a "palpable lie" and he made a "mockery" of the court.

A reading of the transcript by this Court reveals the characterizations of the trial court to be apt. The defendant had clearly deceived and misrepresented matters to obtain a deferred imposition of sentence. A petition for revocation of that deferred imposition of sentence was made, a hearing was held, and the statutory presumption of a deferred imposition of sentence was clearly rebutted.

The trial court sentenced defendant to fifteen years.

We are informed that an appeal is being taken so that errors, if any, may be reviewed in the normal appeal process. After reviewing the record, we do not find any abuse of discretion sufficient for this Court to take original jurisdiction at this time. Accordingly, the order to show cause previously granted is quashed.

Relator in his petition also seeks relief by way of stay of execution of the sentence, pending appeal. We deny that relief at this time without prejudice.